## STRAUSS v. BLUMENTHAL.

### (Circuit Court, S. D. New York. June 10, 1901.)

PATENT—VALIDITY.

> The Strauss patent, No. 628,640, for an improved harmonica, involves merely a slight change in the covering plate of a well-known toy, without accomplishing any new result, or a patentable change in an old result, and is void.

In Equity.

Frank Von Briesen, for complainant.
R. B. McMaster, for defendant.

COXE, District Judge. This is an action brought for the infringement of letters patent No. 628,640, granted to the complainant July 11, 1899, for an improved harmonica.

The specification says:

> "This invention relates to a harmonica of the class in which the covering-plates are provided with corrugations between the reeds, so as to form a separate pipe or air-chamber for each of the reeds. 1 form these corrugations across the rear part of the covering-plates only, while the front part remains smooth and is turned inward to constitute the mouthpiece. Thus the construction of the instrument is simplified and inaccessible dust-collecting spaces between the corrugations are avoided. * * * It will be seen that by my invention the mouthpiece and pipes are formed upon one and the same plate, so that the construction of the instrument is greatly simplified. As the corrugations merge into the plain portion of the plates, I am enabled to obtain a smooth mouthpiece at the forward edge of such plates. Finally, as the corrugations are fully exposed from end to end the intervening grooves are not apt to accumulate dust."

The claim is as follows:

> "A harmonica provided with a covering-plate having a rear transversely-corrugated section, a smooth front section, and an inwardly-projecting front edge that constitutes a mouthpiece, substantially as specified."

The defenses are the usual ones—lack of novelty and patentability and noninfringement. The device of the claim involves merely a slight change in the covering plate of a well-known toy, without accomplishing any new result or a patentable change in an old result. Everything shown or described in the drawings and description is found in the prior art, except the single feature of making the corrugated covering device in one piece instead of in two pieces. The Weiss harmonica is identical in every particular with the patented structure, except that in the former the upper section of the corrugations is covered with a separate plate which forms the mouthpiece. In the patented structure these two plates are integral. The patentee has evidently taken the Weiss design and, by a well-known method, has stamped the corrugations upon the same sheet of metal

which serves as the mouthpiece. The change has accomplished nothing except, perhaps, a slight saving in expense. There is not even a distinctively new appearance. The pretense that the tone of the instrument is strengthened and improved over the same type of harmonicas in the prior art is so obviously untenable that it is unnecessary to discuss it. The court is clearly of the opinion that the patentee has contributed nothing to the art worthy to rank as an invention. The bill is dismissed.